**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHRISTUS HEALTH PLAN** | § | |
| *Movant,* | § | |
| | § | |
| **vs.** | § | |
| | § | **MISC. CASE NO.** |
| | § | |
| **UNITEDHEALTHCARE** | § | |
| **INSURANCE COMPANY,** | § | |
| *Respondent.* | § | |

**NON-PARTY CHRISTUS HEALTH PLAN'S MOTION TO QUASH OR MODIFY**
**UNITEDHEALTHCARE INSURANCE COMPANY'S**
**RULE 45 SUBPOENAS**

**EXHIBITS**

Exhibit 1    *Christus Santa Rosa v. UnitedHealthcare Ins. Co.*, Cause No. 471-01935-2024
Plaintiffs' Original Petition

Exhibit 2    UnitedHealthcare's Subpoena for Production of Documents

Exhibit 3    UnitedHealthcare's Subpoena to Testify at a Deposition

Exhibit 4    Non-party CHRISTUS Health Plan's Objections to United's Rule 45 Subpoenas

Exhibit 5    Declaration of David D. Raff. J.D.

Exhibit 6    Agreed Protective Order in Underlying Case

Exhibit 7    Declaration to be Filed

Exhibit 8    *Christus Santa Rosa v. UnitedHealthcare Ins. Co.*, Case No. 4:24-cv-00384-ALM
Sixth Amended Complaint

# EXHIBIT 1

Filed: 4/1/2024 12:00 AM
Michael Gould
District Clerk
Collin County, Texas
By Tessa Castle Deputy
Envelope ID: 86107071

CAUSE NO.  471-01935-2024

| | | |
|---|---|---|
| **CHRISTUS SANTA ROSA HEALTH CARE CORPORATION, CHRISTUS SPOHN HEALTH SYSTEM CORPORATION, and CHRISTUS HEALTH SOUTHEAST TEXAS** | § § § § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiffs,** | § § § | |
| **v.** | § § | **COLLIN COUNTY, TEXAS** |
| **UNITEDHEALTHCARE INSURANCE COMPANY,** | § § § § | |
| **Defendant.** | § § § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs CHRISTUS Santa Rosa Health Care Corporation, CHRISTUS Spohn Health System Corporation, and CHRISTUS Health Southeast Texas (collectively, "CHRISTUS") file this Original Petition against UnitedHealthcare Insurance Company ("United") and respectfully show the Court as follows:

### I.
### INTRODUCTION

This lawsuit seeks to recover additional amounts owed to CHRISTUS for out-of-network emergency health care services CHRISTUS provided to patients insured by United. Under the Texas Insurance Code, United is required to pay CHRISTUS the usual and customary rate for the out-of-network emergency services provided. However, despite CHRISTUS's extensive efforts to collect the usual and customary rate for these emergency services—including through the mediation process required by Texas Insurance Code Section 1467.051—United has refused to pay CHRISTUS the usual and customary rate for the services CHRISTUS provided, necessitating the filing of this lawsuit.

**Plaintiffs' Original Petition – Page 1**

## II.
## DISCOVERY CONTROL PLAN

1.     CHRISTUS intends that discovery be conducted under Level 2 of Rule 190.3 of the

Texas Rules of Civil Procedure.

## III.
## PARTIES

2.     Plaintiff CHRISTUS Santa Rosa Health Care Corporation is a Texas nonprofit

corporation that provides health care services in the State of Texas with its principal place of

business located at 333 N. Santa Rosa St. San Antonio, TX 78207.

3.     Plaintiff CHRISTUS Spohn Health System Corporation is a Texas nonprofit

corporation that provides health care services in the State of Texas with its principal place of

business located at 600 Elizabeth Street, Corpus Christi, Texas 78404.

4.     Plaintiff CHRISTUS Health Southeast Texas is a Texas nonprofit corporation that

provides health care services in the State of Texas with its principal place of business located at

2830 Calder Street, Beaumont, Texas 77702.

5.     Defendant UnitedHealthcare Insurance Company is a Connecticut corporation with

its principal place of business located at 185 Asylum St. Hartford, Connecticut 06103.

UnitedHealthcare Insurance Company is a health insurance company registered with the Texas

Department of Insurance ("TDI") and doing business in Texas. UnitedHealthcare Insurance

Company's principal office in Texas is located at 1311 W President George Bush Hwy,

Richardson, Texas 75080. UnitedHealthcare Insurance Company can be served through its agent

for service of process, C T Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201

and/or 1999 Bryan St., Ste. 900 Dallas, Texas 75201-3136.

**IV.**
**JURISDICTION AND VENUE**

6.      The Court has subject matter jurisdiction of this matter because the amount in controversy exceeds the jurisdictional minimum of this Court.

7.      This Court may exercise personal jurisdiction over United because United purposefully availed itself to the benefits of doing business in Texas, including by registering with the TDI, obtaining a license to sell insurance in Texas, marketing its insurance plans to individuals in Texas, entering into the contracts at issue in Texas, and profiting from its purposeful contacts with Texas.

8.      Pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, venue is proper in Collin County, Texas because United's principal office in Texas is located in Collin County, Texas.

9.      Pursuant to Rule 47 of the Texas Rules of Civil Procedure, CHRISTUS asserts that it seeks monetary relief over $250,000 but not more than $1,000,000, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs.

**V.**
**FACTUAL BACKGROUND**

**A.      The Parties**

10.      CHRISTUS operates hospitals in Texas with fully staffed and equipped emergency departments that provide 24/7 access to patients for the treatment of emergency medical conditions.

11.      The emergency health care services at issue were provided to patients insured by United.

12.      United has not entered into an "in-network" contract with CHRISTUS. As a result, CHRISTUS is an "out-of-network" provider in relation to the patients who received the emergency

health care services at issue and the plans or policies under which the patients are insured. Despite CHRISTUS's out-of-network status, United's insureds regularly seek emergency treatment at CHRISTUS.

**B.    The Regulatory Scheme Applicable to Out-of-Network Emergency Services in Texas**

13.    CHRISTUS is required by federal and state law to provide emergency services to any patient regardless of the patient's ability to pay or insurance status. 42 U.S.C. § 1395dd; 25 TEX. ADMIN. CODE § 133.44(c)(1). Therefore, CHRISTUS must provide emergency health care to patients, regardless of CHRISTUS's network status with their insurers.

14.    In 2019, the Texas legislature passed Acts 2019, 86th Leg., R.S. Ch. 1342 (S.B. 1264) ("SB 1264")—a comprehensive regulatory scheme that prevents out-of-network health care providers from balance billing patients while ensuring that out-of-network health care providers are compensated fairly for the statutorily mandated emergency services they provide. SB 1264 enacted new, and amended existing, provisions of the Texas Insurance Code, including Texas Insurance Code Sections 1271.155, 1301.0053, 1301.155, and 1467.050 *et seq*. These newly enacted and amended provisions are applicable to health care services provided on or after January 1, 2020.

15.    As amended, the Texas Insurance Code requires insurers—like United—to make payments to out-of-network providers of emergency health care services—like CHRISTUS—directly and at the "usual and customary rate" or an "agreed rate." TEX. INS. CODE §§ 1271.155 (applicable to HMOs); 1301.0053 (applicable to EPOs), and 1301.155 (applicable to PPOs).

16.    An out-of-network hospital that does not receive the usual and customary rate for emergency services may request mediation. TEX. INS. CODE §§ 1467.051 and 1467.054. At mediation, the parties are required to evaluate: (1) whether the amount charged by the out-of-network provider for the emergency services is excessive; and (2) whether the amount paid by the

insurer represents the usual and customary rate for the emergency services or is unreasonably low. TEX. INS. CODE § 1467.056.

17.     In the event the mediation is unsuccessful, the Texas Insurance Code authorizes either party to "file a civil action to determine the amount due to an out-of-network provider." TEX. INS. CODE § 1467.0575. The civil action must be brought not later than forty-five days after the date the mediator issues a report to the TDI indicating that the mediation process has concluded and the parties have not reached an agreement. *Id.*

## C.     The Claims

18.     CHRISTUS faithfully performed its statutory obligation to provide the emergency services at issue to the patients without regard for CHRISTUS's out-of-network status with the benefit plans underwritten by United. After CHRISTUS provided emergency treatment to the patients, CHRISTUS submitted the claims for payment to United. The claims at issue (without patient identifying information) are attached as Exhibit A.[1]

19.     United, however, violated its obligations under the Texas Insurance Code by failing to pay CHRISTUS the usual and customary rate for the emergency health care services provided to the patients. Instead, United has paid CHRISTUS unreasonably low rates.

20.     In addition, or the alternative, United has breached its contractual duties to CHRISTUS by failing to pay CHRISTUS for the out-of-network emergency services provided at the reimbursement rates required by the benefit plans or policies pursuant to which the patients are insured by United. All patients receiving emergency services at CHRISTUS, including those insured by United, agree in writing to assign their rights to benefits under their insurance plans or

---

[1] All emergency health care services at issue in this case were provided after January 1, 2020.

policies to CHRISTUS. The assignments signed by patients include, by way of example, provisions such as the following:

> I hereby assign payment otherwise payable to me from governmental payers (such as Medicare), insurance carriers, employee health benefit plans and other third-party payers (collectively referred to as "Plans") to Facility and other health care providers who provide services, care or treatment to me at the Facility.

> \* \* \* \*

> In consideration of services rendered and to be rendered, the sufficiency of which is hereby acknowledged, hereby irrevocably assign and transfer to [CHRISTUS] (hereinafter referred to as the "Hospital") all right, title, and interest in all claims or benefits payable for hospital services rendered in the past or future, which are provided in any and all insurance policies, employee benefit plans, and/or third-party actions against any other person or entity (hereinafter referred to as "Benefits") from whom my dependents or I may be entitled to recover. I further hereby irrevocably assign and transfer to the Hospital all right, title, and interest in any and all causes of action against all insurance companies, employee benefit plans, liability carriers, third party administrators, tortfeasors, and/or all other persons or entities responsible for payment (hereinafter referred to as "Responsible Parties") of Benefits and I hereby appoint the Hospital as my attorney in fact, with power of substitution, to sue or otherwise obtain payment of Benefits from the Responsible Parties. This irrevocable assignment and transfer shall be for the purpose of irrevocably granting the Hospital an independent right of recovery of Benefits against any Responsible Parties, at its option, but shall not be construed to be an obligation of the Hospital to pursue any such right of recovery. I hereby direct and irrevocably authorize all Responsible Parties to pay directly to the Hospital all Benefits and amounts due for services rendered by the Hospital without further request or written authorization from me. I further irrevocably authorize and direct that any Responsible Parties furnish copies of any insurance policies, employee benefit plans or any other document requested by the Hospital without further request or written authorization from me.

Pursuant to the assignment of benefits received from the patients, CHRISTUS stands in the shoes of the patient insureds and has the right to collect from United all benefits due under the patient's plans or policies underwritten by United.

21.    CHRISTUS invoked the statutory mediation process for all of the claims at issue in this case. The parties did not reach agreement at the mediations. The mediators have issued reports

to the TDI indicating that the mediation processes have concluded and that the parties did not reach an agreement. This lawsuit is filed within forty-five days of the issuance of the mediators' reports.

## VI.
## CAUSES OF ACTION

**A.    Count One – Violations of the Texas Insurance Code**

22.    CHRISTUS realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

23.    United's failure to reimburse CHRISTUS at the usual and customary rates, as required by Texas Insurance Code Sections 1271.155, 1301.0053, and/or 1301.155, has caused damages to CHRISTUS in the amount of the difference between the amounts United paid, if any, and the amounts United was statutorily obligated to pay to CHRISTUS.

24.    CHRISTUS has requested and completed all mediation procedures required by Texas Insurance Code Section 1467.050 *et seq.* for the claims at issue in this case. The Parties did not reach an agreement at the mediations, and the mediators have submitted a report to the TDI under Texas Insurance Code Section 1467.060.

25.    CHRISTUS, therefore, files this civil action to determine the amount owed to CHRISTUS as authorized under Texas Insurance Code Section 1467.0575.

**B.    Count Two – In the Alternative, Breach of Contract**

26.    CHRISTUS realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

27.    United entered into valid and enforceable insurance contracts with their insureds. In those contracts, United agreed to pay for out-of-network emergency services. The patients at issue in this case were insured by United and United thus agreed to pay for the patients' out-of-network emergency care.

28.     The patients at issue assigned their benefits under the plans or policies under which they are insured by United to CHRISTUS. Therefore, CHRISTUS stands in the shoes of the patients. All of the claims at issue in this lawsuit were assigned to CHRISTUS.

29.     In the event United asserts that any rights asserted by CHRISTUS are barred by any anti-assignment provisions in the plans or policies under which the patients at issue are insured by United, CHRISTUS asserts that any such anti-assignment provisions have been waived. In the course of adjudicating the health care claims at issue, United has issued explanations of payment and payment, if any, directly to CHRISTUS and has never raised any anti-assignment provision as a bar to, or basis for denial of, payment, in whole or in part. Moreover, pursuant to assignment of benefits from patients, CHRISTUS has submitted health care claims to United for payment for years; and during this multi-year course of dealing, United has never before asserted any anti-assignment provision as a bar to, or basis for denial of, payment, in whole or in part.

30.     United breached its contractual duties owed under the benefit plans or policies by failing to pay for out-of-network emergency services in accordance with the terms of the benefit plans or policies.

31.     As a result of United's breach of the terms of the benefit plans or policies, CHRISTUS, as assignee, has suffered damages and lost benefits amounting to the difference between the amount United actually paid, if any, and the amount United was required to pay under the benefits plans or policies.

**VII.**
**ATTORNEYS' FEES**

32.     CHRISTUS realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

33.     As a result of United's breach and failure to pay the amounts due to CHRISTUS, CHRISTUS has incurred and will continue to incur attorneys' fees. Accordingly, CHRISTUS respectfully requests that the Court award CHRISTUS its reasonable and necessary attorneys' fees incurred in prosecuting this action against United pursuant to Texas Civil Practice and Remedies Code Section 38.001.

## VIII.
## CONDITIONS PRECEDENT AND RESERVATION OF RIGHTS

34.     CHRISTUS asserts that all conditions precedent have been performed, occurred, excused, waived, or otherwise satisfied. CHRISTUS reserves all of its rights and remedies, both at law and in equity, with respect to the transactions and disputes at issue.

## IX.
## JURY DEMAND

35.     CHRISTUS requests a jury trial in this case.

## X.
## PRAYER

36.     CHRISTUS respectfully requests that United be cited to appear and answer, that this matter be set for trial with notice to United, and that on final hearing, the Court enter judgment in CHRISTUS's favor and against United for:

a.      Money damages in an amount to be proven at trial;

b.      Pre-judgment and post-judgment interest as allowed by applicable law;

c.      CHRISTUS's reasonable attorneys' fees and costs incurred; and

d.      All other and further relief, both at law and in equity, to which CHRISTUS shows itself justly entitled.

Dated: March 29, 2024                NORTON ROSE FULBRIGHT US LLP

/s/ *Shea Haass*
    Shea Haass
    State Bar No.  24055609
    shea.haass@nortonrosefulbright.com
    Madison White
    State Bar No. 24131759
    madison.white@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, TX  75201-7932
Telephone:    (214) 855-8000
Facsimile:    (214) 855-8200

Attorneys for Plaintiffs CHRISTUS Santa Rosa Health Care Corporation, CHRISTUS Spohn Health System Corporation, and CHRISTUS Health Southeast Texas

## Exhibit A

| TDI Number | Admit Date | Facility | Amount Billed | Amount Paid |
|---|---|---|---|---|
| 766235 | 1/6/2023 | CHRISTUS Santa Rosa  Medical Center | $339,379.56 | $30,631.92 |
| 869605 | 2/5/2023 | CHRISTUS Santa Rosa  Medical Center | $303,746.93 | $40,557.36 |
| 813413 | 4/18/2023 | CHRISTUS Spohn Hospital - Shoreline | $143,657.52 | $16,136.40 |
| 869576 | 5/25/2023 | CHRISTUS St. Elizabeth Hospital | $153,997.48 | $23,302.25 |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Madison White on behalf of Madison White
Bar No. 24131759
madison.white@nortonrosefulbright.com
Envelope ID: 86107071
Filing Code Description: Plaintiff's Original Petition (OCA)
Filing Description: Plaintiffs' Original Petition
Status as of 4/3/2024 9:13 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shea RHaass | | shea.haass@nortonrosefulbright.com | 3/29/2024 11:39:58 AM | SENT |
| Shari McFadden | | shari.mcfadden@nortonrosefulbright.com | 3/29/2024 11:39:58 AM | SENT |
| Madison White | | madison.white@nortonrosefulbright.com | 3/29/2024 11:39:58 AM | SENT |
| Travonya Cudjoe | | travonya.cudjoe@nortonrosefulbright.com | 3/29/2024 11:39:58 AM | SENT |

EXHIBIT 2



**null / ALL**
**Transmittal Number: 31767819**
**Date Processed: 07/03/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Maria Ganson<br>CHRISTUS Health<br>5101 N O Connor Blvd<br>Irving, TX 75039-5714 |
| **Electronic copy provided to:** | Heather Woody<br>David Raff<br>Crystal Florey<br>Constance Dukes<br>Ivana Taylor-Brandenburg<br>Kristen Fain<br>Peyton Hedrick |

| | |
|---|---|
| **Entity:** | CHRISTUS Health Plan<br>Entity ID Number  3012565 |
| **Entity Served:** | Christus Health Plan |
| **Title of Action:** | Christus Santa Rosa Health Care Corporation vs. Unitedhealthcare Insurance Company |
| **Matter Name/ID:** | Christus Santa Rosa Health Care Corporation vs. Unitedhealthcare Insurance Company (17560445) |
| **Document(s) Type:** | Subpoena |
| **Nature of Action:** | Information/Appearance Request |
| **Court/Agency:** | U.S. District Court Eastern District, TX |
| **Case/Reference No:** | 4:24-cv-00384-ALM |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 07/03/2025 |
| **Answer or Appearance Due:** | 07/18/2025 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Crowell & Moring LLP<br>202-642-2683 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Texas

| | |
|---|---|
| Christus Santa Rosa Health Care Corporation, et. al | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:24-cv-00384-ALM |
| UnitedHealthcare Insurance Company | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Christus Health Plan, 919 Hidden Ridge, Irving, TX 75038 - 3813,
c/o CSC-Lawyers Inco, registered agent, 211 E. 7th Street Suite 620, Austin, TX 78701

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A.

| Place: Figari & Davenport LLP | Date and Time: |
|---|---|
| 901 Main St #3400 | |
| Dallas, TX 75202 | 07/18/2025 12:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/03/2025

DELIVERED
07 / 03 / 25
By: *MES- 23308*

*CLERK OF COURT*
                                    OR

_____                    /s/ Rochelle-Leigh Rosenberg
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

UnitedHealthcare Insurance Company _____ , who issues or requests this subpoena, are:
Rochelle-Leigh Rosenberg, Crowell & Moring LLP, 1001 Pennsylvania Ave. NW, Washington, DC 20004, Tel:
202-642-2683, email: rrosenberg@crowell.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:24-cv-00384-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1. <u>Applicable Time Period</u> means from January 1, 2019, to present.

2. <u>Christus Health Plan, You</u>, and <u>Your</u> shall mean Christus Health Plan, and any subsidiaries and affiliate entities.

3. <u>Document(s)</u> shall mean any letters, correspondence, emails, electronic records or files, electronically stored information, provider and member explanations of benefits and remittance advice, telegrams, cables, telex messages, memoranda, records, financial statements, financial records, check stubs, canceled checks, minutes, contracts, memoranda of telephone or personal conversations or conferences, intraoffice communications, emails, electronically stored information, photographs, microfilm, microfiche, tape recordings, bulletins, studies, summaries, analyses, notices, computer runs, and any codes necessary to comprehend such runs, books, pamphlets, brochures, periodicals, charts, graphs, indexes, blueprints, diagrams, drawings, and any other written, printed, typed, recorded, or graphic matters of any nature whether produced or reproduced, including copies and drafts of such documents.

4. <u>Emergency Services</u> means "Emergency care" as provided in Tex. Ins. Code § 843.002(7) as including health care services provided in a hospital emergency facility, freestanding emergency medical care facility, or comparable emergency facility.

5. <u>Exchange Product</u> means a health insurance plan sold on an insurance marketplace established under the Affordable Care Act.

6. <u>Health Care Plan</u> means any plan (as defined by Tex. Ins. Code § 843.002(12)) which provides, arranges for, pays for, or reimburses any part of the cost of health care services.

7. <u>Lawsuit</u> shall mean the proceeding, the style and number of which is found in the caption to this document.

8. <u>Plaintiffs</u> or <u>Christus</u> shall mean Christus Santa Rosa Health Care Corporation, Christus Spohn Health System Corporation, Christus Good Shepherd Medical Center, Mother Frances Hospital Regional Health Care Center, Christus Health Ark-La-Tex, Christus Hopkins Health Alliance, Christus Health Southeast Texas, and Mother Frances Hospital – Jacksonville, the plaintiffs in the Lawsuit, and their employees, agents, and representatives, including but not limited to any third party whose services were used in connection with a claim at issue in this Lawsuit, but excluding Plaintiff's external attorneys.

9. <u>Provider or Health Care Provider</u> means any person, as defined by Tex. Ins. Code § 843.002(21), who is licensed or otherwise authorized to provide a health care service in this state as defined by Tex. Ins. Code § 843.002(24).

10. <u>And</u> as well as <u>or</u> shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the requests all responses which might otherwise be construed to be outside the scope.

11. Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural.

12.    The terms <u>relate to</u>, <u>relating to</u>, <u>refer to</u>, and <u>referring to</u> shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

## Documents Requested to be Produced

1. All contracts for Exchange Products that were in force during the Applicable Time Period between Christus Health Plan, as a Health Care Plan or payor, and any Provider in Texas, including without limitation any Christus-affiliated Provider.

2. Documents sufficient to identify all claims (both in-network and-out of-network) for Emergency Services any Provider in Texas submitted during the Applicable Time Period to Christus Health Plan, including the following fields, exported into excel:

    (a) Line of Business (*e.g.*, Exchange Product, Medicare Advantage, TRICARE);

    (b) Rendering provider (*i.e.*, the provider that provided the service);

    (c) Place of service;

    (d) The type of facility where the service was provided (*e.g.*, hospital, off-site emergency department, urgent care center);

    (e) Billed amount;

    (f) Allowed amount;

    (g) Paid amount (amount paid by Christus Health Plan, as payor);

    (h) Insured payment (specifying contributions toward a deductible, co-insurance, or co-payments);

    (i) Third party payment amount (i.e., payment from sources other than the Christus Health Plan or an insured);

    (j) The date(s) of service;

    (k) Admission date (if applicable);

    (l) Discharge date (if applicable);

    (m) Payment and/or denial date;

    (n) The services or supplies hospital provided;

    (o) Any DRG, CPT, or revenue codes for the claim;

    (p) Diagnosis code(s) for the claim;

    (q) Payment or adjustment codes for the claim;

    (r) Any denial codes applied to the claim;

    (s) An explanation of any denial codes applied to the claim; and

    (t) Identifier sufficient to distinguish one claim from another claim (e.g., a deidentified claim number)

3. Documents sufficient to show the meaning of each data element provided in response to Request No. 2.

4. All Documents relating to any disputes between Christus Health Plan and any other person or entity regarding the reasonableness of Christus Health Plan's allowed amounts or any payments or lack of payments Christus Health Plan made for Emergency Services

(both in-network or out-of-network) in Texas.

5.    All Documents related to Christus Health Plan's methodology for determining the "usual and customary rate" (as that phrase is used in Texas Insurance Code Sections 1271.155, 1301.0053, and/or 1301.155) for out-of-network Emergency Services in Texas for its Exchange Products, including any changes in methodology during the Applicable Time Period, and any analyses or discussions regarding what constitutes the "usual and customary rate."

6.    All Documents related to Christus Health Plan's methodology for determining its reimbursement of out-of-network Emergency Services in Texas for its Exchange Products, including any changes in such methodology during the Applicable Time Period.

7.    All Documents Christus Health Plan considers, uses, or otherwise relies upon to determine the amount of its reimbursements for out-of-network Emergency Services in Texas for its Exchange Products, including all Documents discussing or analyzing the reasonableness of such reimbursements.

8.    Organizational charts or other Documents sufficient to show Christus Health Plan's organizational structure, including the name, function, and title of all persons having any involvement with Christus Health Plan's methodology for determining its reimbursement for out-of-network Emergency Services in Texas for its Exchange Products.

9.    Organizational charts or other Documents sufficient to show the corporate relationship between Plaintiffs and Christus Health Plan.

# EXHIBIT 3



**CSC**

null / ALL
Transmittal Number: 31767798
Date Processed: 07/03/2025

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Maria Ganson<br>CHRISTUS Health<br>5101 N O Connor Blvd<br>Irving, TX 75039-5714 |
| Electronic copy provided to: | Heather Woody<br>David Raff<br>Crystal Florey<br>Constance Dukes<br>Ivana Taylor-Brandenburg<br>Kristen Fain<br>Peyton Hedrick |

| | |
|---|---|
| Entity: | CHRISTUS Health Plan<br>Entity ID Number 3012565 |
| Entity Served: | Christus Health Plan |
| Title of Action: | Christus Santa Rosa Health Care Corporation vs. Unitedhealthcare Insurance Company |
| Matter Name/ID: | Christus Santa Rosa Health Care Corporation vs. Unitedhealthcare Insurance Company (17560429) |
| Document(s) Type: | Subpoena |
| Nature of Action: | Information/Appearance Request |
| Court/Agency: | U.S. District Court Eastern District, TX |
| Case/Reference No: | 4:24-cv-00384-ALM |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 07/03/2025 |
| Answer or Appearance Due: | 07/21/2025 |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Crowell & Moring LLP<br>202-642-2683 |
| Enclosures: | Original Attachment Pending:<br>Check |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**Austin Process LLC**
1100 NUECES ST.
AUSTIN, TX 78701
PH. (512) 480-8071

PROSPERITY BANK
88-2265/1131-79

10849

07/03/2025

PAY TO THE
ORDER OF___Christus Health Plan_____ $ **60.00

Sixty and 00/100************************************************************************ DOLLARS

Christus Health Plan
Christus Health Plan

AUTHORIZED SIGNATURE

MEMO

6088

⑈⑈010849⑈ ⑈:1131226551⑈: 218976326⑈⑈

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| Christus Santa Rosa Health Care Corporation, et. al | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  4:24-cv-00384-ALM |
| UnitedHealthcare Insurance Company | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:            Christus Health Plan, 919 Hidden Ridge, Irving, TX 75038 - 3813,
               c/o CSC-Lawyers Inco, registered agent, 211 E. 7th Street Suite 620, Austin, TX 78701

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

See Attachment A.

| Place:  Figari & Davenport LLP | Date and Time: |
|---|---|
| 901 Main St #3400 | 07/21/2025 10:00 am |
| Dallas, TX 75202 | |

The deposition will be recorded by this method:   Sound recording, videotape, and/or stenographic means

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/03/2025

| CLERK OF COURT | |
|---|---|
| | OR |
| | /s/ Rochelle-Leigh Rosenberg |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
UnitedHealthcare Insurance Company                              , who issues or requests this subpoena, are:

Rochelle-Leigh Rosenberg, Crowell & Moring LLP, 1001 Pennsylvania Ave. NW, Washington, DC 20004, Tel:
202-642-2683, email: rrosenberg@crowell.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

DELIVERED
07 /03 / 25
By: NB  L3300

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 4:24-cv-00384-ALM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                        _____
                                              *Printed name and title*

                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

(A) *When Required.* On timely motion, the court for the district where [1] compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1.  Applicable Time Period means from January 1, 2019, to present.

2.  Christus Health Plan, You, and Your shall mean Christus Health Plan, and any subsidiaries and affiliate entities.

3.  Document(s) shall mean any letters, correspondence, emails, electronic records or files, electronically stored information, provider and member explanations of benefits and remittance advice, telegrams, cables, telex messages, memoranda, records, financial statements, financial records, check stubs, canceled checks, minutes, contracts, memoranda of telephone or personal conversations or conferences, intraoffice communications, emails, electronically stored information, photographs, microfilm, microfiche, tape recordings, bulletins, studies, summaries, analyses, notices, computer runs, and any codes necessary to comprehend such runs, books, pamphlets, brochures, periodicals, charts, graphs, indexes, blueprints, diagrams, drawings, and any other written, printed, typed, recorded, or graphic matters of any nature whether produced or reproduced, including copies and drafts of such documents.

4.  Emergency Services means "Emergency care" as provided in Tex. Ins. Code § 843.002(7) as including health care services provided in a hospital emergency facility, freestanding emergency medical care facility, or comparable emergency facility.

5.  Exchange Product means a health insurance plan sold on an insurance marketplace established under the Affordable Care Act.

6.  Health Care Plan means any plan (as defined by Tex. Ins. Code § 843.002(12)) which provides, arranges for, pays for, or reimburses any part of the cost of health care services.

7.  Lawsuit shall mean the proceeding, the style and number of which is found in the caption to this document.

8.  Plaintiffs or Christus shall mean Christus Santa Rosa Health Care Corporation, Christus Spohn Health System Corporation, Christus Good Shepherd Medical Center, Mother Frances Hospital Regional Health Care Center, Christus Health Ark-La-Tex, Christus Hopkins Health Alliance, Christus Health Southeast Texas, and Mother Frances Hospital – Jacksonville, the plaintiffs in the Lawsuit, and their employees, agents, and representatives, including but not limited to any third party whose services were used in connection with a claim at issue in this Lawsuit, but excluding Plaintiff's external attorneys.

9.  Provider or Health Care Provider means any person, as defined by Tex. Ins. Code § 843.002(21), who is licensed or otherwise authorized to provide a health care service in

Attachment A to Subpoena for Deposition<br>Page 1

this state as defined by Tex. Ins. Code § 843.002(24).

10. And as well as or shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the requests all responses which might otherwise be construed to be outside the scope.

11. Unless otherwise established by the context, the plural shall be construed to include the singular and the singular the plural.

12. The terms relate to, relating to, refer to, and referring to shall be construed to include any connection, direct or indirect, whatsoever with the requested documentation, person, or subject matter, without limitation unless specifically indicated.

## Subjects of Examination

1. All contracts for Exchange Products that were in force during the Applicable Time Period between Christus Health Plan, as a Health Care Plan or payor, and any Provider in Texas, including without limitation any Christus-affiliated Provider.

2. Any disputes between Christus Health Plan and any other person or entity regarding the reasonableness of Christus Health Plan's allowed amounts or any payments or lack of payments Christus Health Plan made for Emergency Services in Texas.

3. Christus Health Plan's methodology for determining the "usual and customary rate" (as that phrase is used in Texas Insurance Code Sections 1271.155, 1301.0053, and/or 1301.155) for out-of-network Emergency Services in Texas for its Exchange Products, including any changes in methodology during the Applicable Time Period, and any analyses or discussions regarding what constitutes the "usual and customary rate."

4. Christus Health Plan's methodology for determining its reimbursement of out-of-network Emergency Services in Texas for its Exchange Products, including any changes in such methodology during the Applicable Time Period.

5. Any analyses or assessments that Christus Health Plan considers, uses, or otherwise relies upon to determine the amount of its reimbursements for out-of-network Emergency Services in Texas for its Exchange Products, including any discussions or analyses of the reasonableness of such reimbursements.

6. Christus Health Plan's organizational structure, including the name, function, and title of all persons having any involvement with Christus Health Plan's methodology for determining its reimbursement for out-of-network Emergency Services in Texas for its Exchange Products.

7. The corporate relationship between Plaintiffs and Christus Health Plan.

8. The documents You produced in response to United's subpoena for documents.

EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTUS SANTA ROSA HEALTH CARE CORPORATION, ET AL. | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| **vs.** | § | **Case No 4:24-cv-00384-ALM** |
| | § | |
| UNITEDHEALTHCARE INSURANCE COMPANY | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

**NON-PARTY CHRISTUS HEALTH PLAN'S OBJECTIONS TO
DEFENDANT'S RULE 45 SUBPOENAS**

TO:    UnitedHealthcare Insurance Company, through its attorneys of record, Rochelle-Leigh Rosenberg, Raija Horstman, Lauren Nunez, CROWELL & MORING, LLP, 1001 Pennsylvania Ave. MW, Washington, DC 20004; Andrew Jubinsky, Amber Reece, Lance Clack, FIGAN & DAVENPORT LLP, 901 Main Street, Suite 3400, Dallas, Texas 75202.

Non-party CHRISTUS Health Plan (CHP) hereby serves its Objections to Defendant's

Rule 45 Subpoenas served on July 3, 2025. CHP reserves the right to modify, revise, supplement,

amend, or qualify its objections and responses as additional information is discovered.

**PRELIMINARY STATEMENT**

CHP's responses address or include responsive information that has been gathered through

traditional means of discovery due diligence by contacting potential custodians for documents: (i)

maintained in paper or electronic form, (ii) where the potential custodians have knowledge of the

existence of responsive documents, and (iii) where the documents are reasonably accessible to the

potential custodians after a diligent search. CHP reserves all objections as to any remaining aspects

of inquiry or review, including that which is not reasonably accessible because of undue burden or

expense. CHP responds with respect to documents that are in the possession, custody, or control

of CHP. CHP is responding to this discovery on its own behalf, and not on behalf of the named

Plaintiffs which are separate entities and separately represented in this action from which discovery is being separately sought by Defendant. Accordingly, in providing its responses, CHP has only sought information located in its corporate offices and has not sought information located at Plaintiffs' offices. Further, CHP reserves the right to revise, correct, amend, withdraw, supplement, clarify, or provide additional objections and responses as necessary upon further investigation and analysis of matters relevant to the above-captioned action.

These objections are made without waiving or in any way prejudicing any of CHP's rights and without in any way implying that CHP considers the requests to be relevant or material to this proceeding.

This preliminary statement is hereby incorporated into each response below.

## OBJECTIONS

### I.    Definitions

CHP objects to Defendant United Healthcare Insurance Company's (United) definition of "CHRISTUS Health Plan, You, and Your" as including "affiliate entities." "Affiliate" is an undefined term that could encompass entities beyond CHP's control. Rule 45 expressly limits production to produce documents in the person's "possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Accordingly, CHP will respond to United's subpoenas only as to itself and the named Plaintiffs.

CHP objects to United's definition of "Plaintiffs or CHRISTUS" as including "any third party whose services were used in connection with a claim at issue in this Lawsuit, [sic] but excluding Plaintiff's external attorneys." As written, this definition would include services provided by CHP's counsel. Accordingly, CHP objects that it encompasses privileged attorney work product and attorney–client communications. CHP further objects that the definition is vague and ambiguous in that it is does not define "in connection with" the claims at issue, thus it could

refer to services used by any entity and not just Plaintiffs. As explained by United's counsel in a meet and  confer on July 14, 2025, the term is meant to encompass any service vendor used by Plaintiffs. As written, however, the term remains vague. Accordingly, CHP will respond to United's subpoenas only as to the named Plaintiffs.

## II.      Documents Requested and Subjects of Examination

### A.      Request No. 1, Subject No. 1

CHP objects to United's request for six years of any affiliated provider contracts as seeking confidential and trade-secret information. CHP also objects to this request because it is overbroad as to scope and therefore, unduly burdensome. CHP also objects to this request to the extent it seeks information for affiliates other than the named Plaintiffs and is merely a fishing expedition into CHP's files. CHP also objects to this request to the extent it seeks information that is not relevant to any party's claim or defense because it concerns entities and individuals not parties to this action and not involved in the subject matter of this action and because there are no allegations or evidence that would necessitate the need to disclose this information.

United and CHP are competitors in the Texas health insurance market. CHP, like all insurers, protects the terms of its provider agreements to preserve market advantage over its competitors, such as United. CHP understands that the Court has issued a protective order in this case, and although the protective order covers third parties, it does not adequately protect CHP's trade secrets through "confidential" and "attorney-eyes-only" designations in this context.

Additionally, to the degree the provider agreements are relevant at all to this case, all terms of the requested provider agreements are not relevant, and United has not tailored its request to the purportedly relevant provisions. Accordingly, CHP also objects that United's request for entire agreements is overly burdensome and not properly tailored to the needs of the case.

**B.**     **Requests No. 2 and 3**

CHP objects that United is compelling CHP to produce six years of claims data for in- and out-of-network emergency services in 22 days. This lawsuit was filed on April 1, 2024, and these subpoenas were just served on July 3, 2025. Although CHP understands that United is purportedly faced with an August 1, 2025 expert report deadline, CHP is not a party to this case, and such a voluminous production would require significant resources. CHP should not be bound to respond by an expert deadline in a case to which it is not a party.

Moreover, CHP's in-network claims data is available via transparency data. Certainly, United's expert has access to this and other provider/payer transparency data. CHP also objects that Unted has requested data on denied claims. The question before the Court in this matter is whether United paid the usual and customary rate (UCR) for Plaintiffs' services at issue. Denied claims are not paid and are not relevant to this question. In sum, United's request seeks a vast amount is data in a short time, constrained by a deadline to which CHP is not a party while failing to demonstrate that it cannot obtain similar evidence by other means to show that the benefit to the Parties in this matter outweighs the extraordinary burden on CHP.

CHP also objects that United's requests do not sufficiently identify the services at issue. The Texas Insurance Code cited merely defines what types of services qualify as emergency. But to allow CHP to identify responsive claims, United must first identify which specific procedure codes it is seeking and show that those codes are at issue in the underlying lawsuit. Absent this information, CHP cannot even begin to search for responsive documents.

**C.**     **Request No. 4, Subject No. 2**

CHP objects to United's request for documents relating to disputes over emergency services reimbursements as seeking confidential information. United's all-encompassing request

would include contracts compelling private adjudication and documents concerning settlement. Such documents would contain trade-secrets and confidential competitive information. CHP asserts that the Parties' protective order does not adequately protect such information through "confidential" and "attorney-eyes-only" designations in the context of United's request as CHP's competitor. Additionally, documents relating to public disputes, whether prosecuted in court or through TDI, are equally available to United.

### D.    Request Nos. 5, 6, and 7; Subject Nos. 3, 4, and 5

CHP objects to these requests as seeking confidential trade-secret information in CHP's analyses or discussions regarding UCR and any changes in its reimbursement methodology. As previously noted, the Parties' protective order does not adequately protect such information through "confidential" and "attorney-eyes-only" designations in the context of United's request as CHP's competitor. Moreover, CHP's non-participating allowable rate is publicly available in its evidence of coverage.

### E.    Request Nos. 8 and 9, Subject Nos. 6 and 7

CHP objects to these requests as seeking information irrelevant to the question before the Court and seeking highly confidential trade secrets. In the July 14, 2025 meet and confer, United's counsel indicated that United wanted information on the corporate relationships to fully understand how CHP reimbursed Plaintiffs. But that information is available from Plaintiffs as parties to this suit, and any implication that the transactions were not arms-length transactions cannot justify such an invasive, harassing request. Moreover, to the degree any corporate information is relevant to this case—which it is not—CHP's certificate of authority is publicly available from TDI.

### F.    Subject No. 8

CHP objects to this catch-all request for the reasons stated above.

Dated:   July 17, 2025.


By: */s/ Jonathan M. Herman*
Jonathan M. Herman
TX Bar No. 24052690
Charles W. Hill
TX Bar No. 24063885
THE HERMAN LAW FIRM
1601 Elm Street, Suite 4460
Dallas, Texas 75201
Telephone: (214) 624-9805
Facsimile: (469) 383-3469
jherman@herman-lawfirm.com
chill@herman-lawfirm.com

Elizabeth D. (Lisa) Alvarado
SHANNON, MARTIN, FINKELSTEIN,
ALVARADO & DUNNE, P.C.
1923 Washington Ave., Suite 2341
Houston, TX 77007
Tel: (713) 805-5241
Fax: (713) 752-0337
lalvarado@smfadlaw.com

*Attorneys for*
*CHRISTUS Health Plan*

EXHIBIT 5

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHRISTUS HEALTH PLAN** | § | |
| *Movant,* | § | |
| | § | |
| **vs.** | § | |
| | § | **MISC. CASE NO.** |
| | § | |
| **UNITEDHEALTHCARE** | § | |
| **INSURANCE COMPANY,** | § | |
| *Respondent.* | § | |

<u>**DECLARATION OF DAVID D. RAFF, J.D.**</u>

I, David D. Raff, J.D., declare as follows:

1.      I am the System Vice President Litigation Counsel for CHRISTUS Health. As part of my duties, I am familiar with the operations of CHRISTUS Health and its affiliate, CHRISTUS Health Plan. I am authorized by CHRISTUS Health and CHRISTUS Health Plan to make this declaration. As a result of my position, and my own personal knowledge, I have knowledge of the facts stated in this declaration, and if called as a witness, could and would competently testify to these facts.

2.      CHRISTUS Health Plan's provider contracts contain confidentiality provisions prohibiting disclosure of the contract's terms and conditions without express written consent of the counterparty. The contracts also contain provisions declaring all information relating to the develop, execution, or performance of the contract is proprietary, including development of the contract's pricing structure and all financial information, rate schedules, and financial terms disclosed by the counterparty to CHRISTUS Health Plan. The contracts also contain ADR provisions, thus protecting records of reimbursement-disputes brought under the contracts.

3.      This confidential and proprietary information constitutes valuable property of

CHRISTUS Health Plan, which has spent substantial time and resources over the years in developing and acquiring. CHRISTUS Health Plan's viability requires that this confidential and proprietary information remain proprietary to CHRISTUS Health Plan because CHRISTUS Health Plan would be damaged if it fell into the hands of a competitor like UnitedHealthcare.

4.      CHRISTUS Health Plan takes reasonable precautions to prevent disclosure of this confidential and proprietary information to third parties. As a result, this confidential and proprietary information is not available to and is not readily ascertainable by CHRISTUS Health Plan's competitors like UnitedHealthcare and provides CHRISTUS Health Plan a valuable competitive advantage in the health insurance industry.

5.      Accordingly, CHRISTUS Health Plan has a significant and legitimate interest in safeguarding this confidential and proprietary information from disclosure particularly when, as here, the information is not relevant to the question at issue in the underlying case: whether UnitedHealthcare paid the usual and customary rate for plaintiffs' services at issue.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on July 17, 2025.

_____
DAVID D. RAFF, J.D.
System Vice President Litigation Counsel
CHRISTUS Health

EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **CHRISTUS SANTA ROSA HEALTH CARE CORPORATION, CHRISTUS SPOHN HEALTH SYSTEM CORPORATION, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, and CHRISTUS HEALTH SOUTHEAST TEXAS,** | § § § § § § § § | |
| *Plaintiffs*, | § § § | **Civil Action No. 4:24-cv-00384-ALM** |
| **v.** | § § | |
| **UNITEDHEALTHCARE INSURANCE COMPANY,** | § § § § | |
| *Defendant*. | § | |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order ("Order"). It is hereby ordered by the Court that the following restrictions and procedures shall apply to certain documents and information produced in this Proceeding.

1.     In this Order, the words set forth below shall have the following meanings:

a.     "Proceeding" means the above-captioned case currently pending, C.A. No. 4:24-cv-00384-ALM; *CHRISTUS Santa Rosa Health Care Corporation, CHRISTUS Spohn Health System Corporation, CHRISTUS Good Shepherd Medical Center, and CHRISTUS Health Southeast Texas v. UnitedHealthcare Insurance Company*.

b.     "Confidential" means any information that constitutes privileged information, private information, and/or confidential business information, including proprietary information, trade secrets, or other

competition-sensitive commercial information, physician-patient privileged information, information protected from disclosure by state or federal law, and non-party individuals' health information deemed protected under state or federal law.

c.    "Attorneys Eyes Only" means any information involving payors or medical providers that are not a party to this Proceeding that is believed to be unknown to the opposing Party or Parties and/or their employees or representatives and includes, but is not limited to, pricing or reimbursement information or is of such highly competitive or commercially sensitive proprietary and non-public information that disclosure would significantly harm business advantages of the producing or designating Party or information concerning third-party pricing and/or reimbursement rates.

d.    "Classified Materials" means any Documents, Testimony, or Information as defined below designated as "Confidential" or "Attorneys Eyes Only" pursuant to the provisions of this Order.

e.    "Designating Party" means the Party that designates materials as "Confidential" or "Attorneys Eyes Only."

f.    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available materials, or any part thereof or any information contained therein.

g.    "Documents" mean (i) any writing, original or duplicate, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h.    "Information" means data contained in Documents or Testimony.

i.    "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

j.    "CHRISTUS" means Plaintiffs CHRISTUS Santa Rosa Health Care Corporation, CHRISTUS Spohn Health System Corporation, CHRISTUS Good Shepherd Medical Center, and CHRISTUS Health Southeast Texas.

k.    "United" means Defendant UnitedHealthcare Insurance Company.

l.    "Party" or "Parties" means any party or parties to this case.

2.      The Parties recognize that certain Documents, Information, and Testimony relevant to the claims and defenses in the Proceeding may contain health information regarding or relating to individuals who have a privacy interest in such information and that certain disclosures thereof would or could be contrary to the law and public interest. The Parties also recognize that such documents and information are or may be subject to the Standards of Privacy of Individually Identifiable Health Information, 45 C.F.R. Parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") or other similar statutory or regulatory privacy protections. The Parties agree that, once adopted, this Order will constitute a Qualified Protective Order under 45 C.F.R. § 164.512(e).

3.      The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony, or Information that it, in good faith, believes meets the definition of "Confidential" in paragraph 1.b., including, but not limited to, Documents, Testimony, or Information that has not been made public and that concerns or relates to the following: patients of CHRISTUS and enrollees, members, or prior members or enrollees of United, including health information as to disease or injury, medical history, and information as to treatment and procedures; other information that qualifies as protected health information ("PHI") within the meaning of HIPAA; private information regarding the payment of and payment for services; materials and other information that are not known to the public and the disclosure of which may harm the competitive position of a Party or invade the privacy of third persons; proprietary information; business information; and/or financial

---

information where the Designating Party can show a legitimate business interest in restricting access to the Documents, Testimony, or Information consistent with classification of the Documents, Testimony, or Information as Confidential.

4.    The Designating Party shall have the right to designate as "Attorneys Eyes Only" any Documents, Testimony, or Information that it believes meets the definition of "Attorneys Eyes Only" in paragraph 1.c. and that is not known to the receiving Party or Parties or their employees and representatives, such as non-public financial information, pricing information, customer identification data, certain study methodologies, trade secret information, or information of such highly competitive or commercially sensitive, proprietary, and non-public information that disclosure would significantly harm business advantages of the producing or designating Party where the Designating Party can show a legitimate business interest in restricting access to the Documents, Testimony, or Information consistent with classification of the Documents, Testimony, or Information as Attorneys Eyes Only. Should a Party believe that effective prosecution of the claims or defenses requires disclosing to certain personnel of the Parties categories of Attorney Eyes Only Documents, Testimony, or Information, the Parties shall confer in good faith regarding the matter. If the Parties cannot agree, the matter may be submitted to the Court for decision.

5.    The Parties recognize that there is no public interest in the disclosure of the Classified Materials that are not challenged under paragraph 12 below, that they may contain competitively sensitive price, operational, and other confidential information and trade secrets in which the Parties have a genuine and cognizable interest, and that should a

competitor or an opposing Party with respect to Attorneys Eyes Only information, obtain access to this material, it could cause serious harm by giving the competitor or other Party unfair advantage in contract and price negotiations and possibly permit price-fixing and artificially inflated prices for health care services, which would be contrary to the public interest. The Parties further recognize that Classified Materials may contain health information regarding or relating to individuals who have a privacy interest in such information and that disclosure thereof would be contrary to the law and public interest.

6.      The entry of this Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work-product doctrine, or other privileges and exemptions, or any Party's right to contest any such assertion.

7.      Any Documents, Testimony, or Information to be designated as "Confidential" or "Attorneys Eyes Only" may be so designated either by furnishing a separate written notice to the undersigned counsel for the Party receiving such material at the time of their production or as soon thereafter as practicable, specifically identifying such materials as "Confidential" or "Attorneys Eyes Only," or marking such materials with the designation "Confidential" or "Attorneys Eyes Only" at the time they are produced.

   a.      Any part of Testimony taken at a deposition that discusses or refers to "Confidential" or "Attorneys Eyes Only" material may be designated as such by making a statement to that effect on the record at the deposition or proceeding or by notifying the other Party and the court reporter in writing of the specific pages and lines of the transcript that contain such Classified Materials of such designation within 14 days of counsel's receipt of the original deposition transcript. All

depositions, regardless of whether a designation of confidentiality is made on the record, shall be treated as containing Classified Materials and be subject to this Order until 14 days after counsel's receipt of the original deposition transcript. Arrangements shall be made with the court reporter taking and transcribing such proceedings to separately bind such portions of the transcript containing information designated as "Confidential" or "Attorneys Eyes Only" and to label such portions appropriately. If, within 14 days of counsel's receipt of the original deposition transcript, no Party designates any information as Attorneys Eyes Only then the entire transcript shall constitute Confidential information.

b.      Notwithstanding paragraph 7.a. above, if at any deposition in the Proceeding, any Documents, Testimony, or Information designated as "Confidential" or "Attorneys Eyes Only" is marked as an exhibit, inquired about, or otherwise used, the portion of the deposition transcript that relates to such Classified Materials shall be automatically treated as "Confidential" or "Attorneys Eyes Only" under this Order.

8.      Documents previously produced before the entry of this Order, if any, shall be retroactively designated as Confidential for thirty (30) days following the entry of this Order. If the producing Party does not designate the materials as either Confidential or Attorney Eyes Only within that time, the materials shall thereafter be treated as undesignated.

9.      The Parties recognize that the production (whether inadvertent or not) by any of the Parties or any non-parties to the Proceeding of any Document, Testimony, or Information, in this Proceeding without a "Confidential" or "Attorneys Eyes Only" designation shall be without prejudice to any claim that such item is "Confidential," "Attorneys Eyes Only," or is privileged or otherwise protected from discovery (including by the attorney-client privilege, the attorney work-product doctrine, or other privileges and exemptions such as for trial preparation material or the common interest privilege, and/or

any other applicable privilege or exemption), and such Party shall not be held to have waived any rights or claim of privilege by such production. In the event that such production occurs, counsel for the producing Party shall be permitted to retract the production of Documents, Testimony, or Information, and designate or re-designate any Classified Materials, or claim any applicable privilege or exemption, in accordance with the terms of and without waiver of any rights under this Order by virtue of the production.

10.     In the event that any Classified Materials are inadvertently produced without a "Confidential" or "Attorneys Eyes Only" designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within three (3) business days of discovery of the inadvertent production, together with a further copy of the subject document designated as "Confidential" or "Attorneys Eyes Only" and upon receipt thereof, the Party that received the inadvertently produced Classified Materials shall promptly (and in no event later than three (3) business days of receipt) delete or destroy all copies of the undesignated Classified Materials and shall retain only the "Confidential" or "Attorneys Eyes Only" designated materials. In the case of electronically stored information ("ESI"), all electronic copies and the original production media shall be destroyed as soon as practicable after learning of the inadvertent production. Notwithstanding the foregoing, any claims lists exchanged between the Parties containing patient information shall be automatically subject to the Confidentiality designation, shall be considered Classified Materials, and shall be subject to the protections herein.

11.     In the event that a Document, Testimony, or Information has been inadvertently produced that the producing Party later claims should not have been produced

because of privilege or other exemption from discovery, the producing Party may request the return of any such document by making a written clawback request for the inadvertently produced Document, Testimony, or Information. A clawback request for the return of any Document shall identify the document by Bates number and the basis for asserting the Document (or portions thereof) is privileged or otherwise exempted from discovery. If a producing Party requests the return of any such Document from another Party, the Party to whom the request is made shall, within three (3) business days, return to the producing Party all copies of the Document within its possession, custody, or control (including but not limited to all copies in possession of any experts or consultants) or certify in writing that all copies of the Document within its possession, custody, or control have been destroyed. In the case of ESI, all electronic copies and the original production media shall be destroyed as soon as practicable after learning of the inadvertent production and clawback request. Return of the allegedly privileged information in no way prejudices or impairs the returning Party's rights to challenge the privilege assertion of the producing Party or non-party before the Court; provided, however, the basis of such challenge shall not include an argument that the producing Party or non-party waived the privilege or protection by inadvertent production. In the event a Party contests the claim of privilege or inadvertent production, the challenging Party and Designating Party shall attempt to resolve any challenges in good faith prior to the challenging Party filing a motion or other application contesting the privilege designation with the Court. Until the Court rules on the challenge, the alleged privileged Document shall be considered privileged.

12.     In the event that counsel for a Party receiving Documents, Testimony, or Information in discovery designated as "Confidential" or "Attorneys Eyes Only" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party of such objections and the reasons therefor in writing. Counsel for the Designating Party shall have five (5) business days from receipt of the written objections to notify the objecting Party in writing whether the Designating Party agrees to de-designate the Documents, Testimony, or Information previously designated as "Confidential" or "Attorneys Eyes Only." If no agreement is reached, counsel for the Parties shall confer in good faith in an attempt to resolve the objections before the challenging Party files a motion or other application contesting the "Confidential" or "Attorneys Eyes Only" designation with the Court. Pending resolution of the dispute by the Court, all the items in question shall continue to be treated as "Confidential" or "Attorneys Eyes Only." Subject to paragraph 18 below, upon identification of such dispute, it shall be the obligation of the Party objecting to the "Confidential" or "Attorneys Eyes Only" designation to seek a prompt hearing of the issue by the Court, and it shall be the obligation of the Designating Party to cooperate in the efforts to obtain such hearing. A Party shall not be obligated to object to the designation of materials as "Confidential" or "Attorneys Eyes Only" at the time the designation is made, and failure to object at that time will in no way prejudice a Party's right to object to a designation at a later time.

13.     Access to and/or disclosure of materials designated as "Confidential" shall be permitted only to the following persons:

a.     The Court;

b.    Retained attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical, and secretarial staff who are actively involved in the Proceeding and are not employees of any Party;

c.    In-house counsel to the undersigned Parties and their affiliated paralegals, clerical, and secretarial staff; provided, however, that each non-lawyer given access to Confidential Information shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Order and that Confidential Information may not be disclosed other than pursuant to the terms of this Order;

d.    Those officers, directors, partners, members, employees, and agents of the undersigned Parties that counsel for such Parties deems necessary to aid in the prosecution or defense of this Proceeding; provided, however, that any such officer, director, partner, member, employee, or agent, shall be given a copy of this Order and advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Order and that Confidential Information may not be disclosed other than pursuant to the terms of this Order;

e.    Court reporters in this Proceeding;

f.    Any deposition, trial, or hearing witness in the Proceeding who previously authored, received, or saw the Confidential Information;

g.    Any deposition, trial, or hearing witness in the Proceeding who previously did not have access to the Confidential Information if counsel reasonably believes in good faith that the Confidential Information is relevant to that witness's testimony; provided, however, each such witness given access to Confidential materials shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Order and that Confidential Information may not be disclosed other than pursuant to the terms of this Order;

h.    Any non-party fact witnesses (*i.e.*, persons not covered by subsection 13.f. or 13.g above); provided, however, that counsel for the Party making the disclosure shall meet and confer with opposing counsel in good faith before showing any matters designated by the other Party as "Confidential," and any dispute that cannot be resolved between counsel on this issue shall be resolved by the Court before any non-party witness is shown any Confidential Information;

i.   Outside experts or advisors (together with their employed personnel) consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any hearing or trial; provided, however, that prior to the disclosure of Confidential Information to any such expert or advisor, counsel for the Party making the disclosure shall deliver a copy of this Order to such expert or advisor, shall explain its terms to such person, and shall secure the signature of such person on a copy of Certification Re Classified Discovery Materials attached hereto as <u>Exhibit A</u>. If multiple personnel employed by the expert or advisor are to be granted access to Confidential Information, the signature of the expert or advisor will comply with this Order and bind all personnel. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Order by any such expert or advisor or their employed personnel, to promptly notify counsel for the Designating Party of such breach or threatened breach;

j.   Any mediator(s) engaged by the Parties and his or her clerical and secretarial staff; provided, however that counsel for the Parties shall deliver a copy of this Order to such mediator and shall secure the signature of such person on a copy of Certification Re Classified Discovery Materials attached hereto as <u>Exhibit A</u>. If multiple personnel employed by the mediator are to be granted access to Confidential Information, the signature of mediator will comply with this Order and bind all personnel; and

k.   Any other person that the undersigned Parties agree to in writing.

14.   Access to and/or disclosure of materials designated as "Attorneys Eyes Only" shall be permitted only to the following persons:

a.   The Court;

b.   Retained attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical, and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party;

c.   In-house counsel to the undersigned Parties provided that such in-house counsel is not involved in the managed health contracting or negotiation of managed health contracts for any of the undersigned Parties and has no role, involvement in, or responsibility relating to contract negotiations, rate negotiations, negotiation of claim payment

---

amounts, or decision-making concerning claim payment rates or amounts with respect to network contracting with any health care provider, health plan or payor in the ordinary course of business (collectively "Rate Negotiations"); and further, provided that, prior to the disclosure of materials designated as "Attorneys Eyes Only" to any such in-house counsel, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a copy of Certification Re Classified Discovery Materials which is attached hereto as <u>Exhibit A</u>. To the extent each such in-house counsel acquires any such role, involvement, or responsibility during the course of the Proceeding, that in-house counsel will recuse himself or herself from any matters involving or relating to the other Party and may be replaced with an in-house counsel who meets the above criteria. Notwithstanding anything to the contrary contained herein, Rate Negotiations shall not include overseeing and/or managing all aspects (*e.g.*, from evaluation, to filing, to discovery, to trial, to appeal and/or to settlement, etc.) of any type of litigation, including, without limitation, out-of-network litigation ("Litigation"), and this Order specifically contemplates and permits in-house counsel who oversee and/or manage all aspects of Litigation to access Attorneys Eyes Only information; provided that, prior to the disclosure of materials designated as "Attorneys Eyes Only" to any such in-house counsel, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a copy of Certification Re Classified Discovery Materials which is attached hereto as <u>Exhibit A</u>;

d.    Outside experts or advisors (together with their employed personnel) consulted by the undersigned Parties or their counsel in connection with the Proceeding who are not employees of any Party, whether or not retained to testify at any hearing or trial and; provided, however, that prior to the disclosure of materials designated as "Attorneys Eyes Only" to any such expert or advisor, counsel for the Party making the disclosure shall deliver a copy of this Order to such expert or advisor, shall explain its terms to such person, and shall secure the signature of such person on a copy of Certification Re Classified Discovery Materials attached hereto as <u>Exhibit A</u>. If multiple personnel employed by the expert or advisor are to be granted access to materials designated as "Attorneys Eyes Only," the signature of the expert or advisor will comply with this Order and bind all personnel. It shall be the obligation of counsel, upon learning of any breach or threatened

breach of this Order by any such expert or advisor or their employed personnel, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

e.   Any mediator(s) engaged by the Parties and his or her clerical and secretarial staff; provided, however that counsel for the Parties shall deliver a copy of this Order to such mediator and shall secure the signature of such person on a copy of Certification Re Classified Discovery Materials attached hereto as <u>Exhibit A</u>. If multiple personnel employed by the mediator are to be granted access to materials designated as "Attorneys Eyes Only," the signature of mediator will comply with this Order and bind all personnel.

15.   Classified Materials shall be used by the persons receiving them in accordance with paragraphs 13 and 14 above only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever. Any summary, compilation, notes, or copy containing Classified Materials, and any electronic data, electronic image or database containing Classified Materials shall be subject to the terms of the Order to the same extent as the material or information from which summary, compilation, notes, copy, electronic data, electronic image, or database is derived.

16.   Nothing herein shall impose any restrictions on the use or disclosure by any Party or witness of Classified Materials known or obtained by such Party or witness independently of the discovery obtained in the Proceeding, whether such materials may additionally have been obtained through discovery in the Proceeding.

17.   Nothing in this Order shall preclude a Party from disclosing or offering into evidence at the time of the trial or during any hearing in this Proceeding any Classified Material, subject to the rules of evidence and any other Party's objections as to the

admissibility or claims of confidentiality of the Classified Material. The Court may take such measures, as deemed appropriate, to protect the claimed confidential nature of the document or information sought to be admitted and to protect its disclosure from persons other than those identified in paragraphs 13 and 14 above and who have signed <u>Exhibit A</u>, where necessary, under this Order.

18.    Any Party to the Proceeding (or other person subject to the terms of this Order) may ask the Court, after appropriate notice to and conference with the other Parties to the Proceeding, to modify or grant relief from any provision of this Order.

19.    Entering into, agreeing to, and/or complying with the terms of this Order shall not:

    a.    operate as an admission by any person that any Document, Testimony, or Information marked "Confidential" or "Attorneys Eyes Only" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial, or personal information; or

    b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Order) at any time:

        (i)    to seek a determination by the Court of whether any Classified Material should be subject to protection as "Confidential" or "Attorneys Eyes Only" under the terms of this Order; or

        (ii)    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Order, either generally or as to any Document, Testimony, or Information.

20.    Any party in the Proceeding who has not joined this Order as of the time it is presented to the Court for signature may thereafter become a party to this Order by its

---

counsel signing and dating a copy thereof and filing the same with the Court and serving copies of such signed and dated copy upon the other Parties to this Order.

21.     Any non-party witness, person, firm, or entity from which discovery is sought in the Proceeding pursuant to subpoena or otherwise may be informed of and may obtain the protection of this Order by designating any Document, Testimony, or Information produced by such non-party as "Confidential" or "Attorneys Eyes Only" under the terms of this Order, and any such designation by a non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the Parties.

22.     If any person or Party subject to this Order who has custody of any Classified Materials receives a subpoena, court order, or other process ("Subpoena") demanding production of Classified Materials, the recipient of the Subpoena shall promptly (and in no event later than three (3) business days after receipt) give notice of the same to counsel for the Designating Party and shall furnish counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, or otherwise oppose production of Classified Materials. The person receiving the Subpoena shall not produce any Classified Materials until the Designating Party has had a reasonable opportunity to challenge the Subpoena.

23.     Nothing in this Order shall be construed to preclude any Party from asserting in good faith that certain Classified Materials require additional protection, including but not limited to ultrasensitive information protections. The Parties shall meet and confer to agree upon the scope and terms of additional requested protection, if any. If no agreement can be reached, the Party seeking additional protections may promptly file a motion with

the Court to modify this Order. The Parties reserve their rights with respect to such future relief or objections thereto.

24.     If, after execution of this Order, any Classified Materials are disclosed by a non-designating Party to any person other than in the manner authorized by this Order, the non-designating Party responsible for the disclosure shall bring all pertinent facts relating to the disclosure of such Classified Materials to the immediate attention of counsel for the Designating Party.

25.     This Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Order to any Classified Materials designated by that Party. Any such waiver must be in writing to be effective.

26.     This Order is not an agreement by the Parties or a ruling by the Court as to the admissibility or relevance of Classified Materials or any Documents, Testimony, or Information. All such determinations are specifically reserved for later determinations by the Court or agreement of the Parties.

27.     Nothing in this Order shall affect the admissibility into evidence of Classified Materials or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Classified Materials.

28.     This Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Order.

---

29.     After the Proceeding is complete and judgment entered or upon the execution of a settlement agreement resolving the entire Proceeding, the Parties shall either (a) promptly return to counsel for each Designating Party all Classified Materials and all copies thereof including those produced or disclosed in accordance with paragraphs 13 and 14 above, except that counsel for each Party may maintain in its files one copy and electronic copies of each pleading filed with the Court, one copy and electronic copies of each deposition together with the exhibits marked at the deposition, and all of counsels' notes, analysis and work product; or (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Classified Materials including those produced or disclosed in accordance with paragraphs 13 and 14 above. Also, at such time, counsel for the Designating Party shall be given copies of each statement in the form Certification Re Classified Discovery Materials attached hereto as <u>Exhibit A</u> that was signed pursuant to paragraphs 13 and 14 of this Order and not previously provided. Any person to whom Classified Materials were produced in accordance with paragraphs 13 and 14 may be required to provide the affidavit attached hereto as <u>Exhibit B</u> confirming compliance with this paragraph.

30.     After this Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agrees to be bound by the terms set forth herein regarding any Classified Materials that have been produced or are produced before the Court signs this Order.

31.     The Parties and all signatories to the form Certification Regarding Classified Discovery Materials attached hereto as <u>Exhibit A</u> agree to be bound by this Order pending

its approval and entry by the Court. It is the Parties' intent to be bound by the terms of this

Order pending its entry to allow for immediate production of Classified Materials under

the terms herein.

32.     This Order is entered into without prejudice to the right of any Party to seek

relief from, or modification of, this Order or any provisions thereof by a properly noticed

motion to the Court.

33.     This Order may only be amended (a) upon entry by order of the Court, or

(b) in writing, signed by all counsel, and upon entry as an amended order by the Court.

**EXHIBIT A**
**CERTIFICATION REGARDING CLASSIFIED MATERIALS**

I hereby acknowledge that I, _____ [NAME, POSITION, AND EMPLOYER], may receive Classified Materials supplied in connection with the subject Proceeding, captioned *CHRISTUS Santa Rose Health Care Corporation, CHRISTUS Spohn Health System Corporation,* CHRISTUS Good Shepherd Medical Center, *and CHRISTUS Health Southeast Texas  v. UnitedHealthcare Insurance Company*, C.A. No. 4:24-cv-00384-ALM. I certify that I understand that any Classified Materials provided to me are subject to the terms and restrictions of the Agreed Protective Order filed in this Proceeding. I have received a copy of the Agreed Protective Order, have read it and understand its terms, and I agree to be bound by its terms.

I understand that Classified Materials, as defined in the Agreed Protective Order, including any notes or other records that are made regarding any such Classified Materials, cannot be disclosed to anyone except as expressly permitted by the Agreed Protective Order.

I will not copy or use any Classified Materials obtained pursuant to this Agreed Protective Order except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Classified Materials provided to me in a secure manner and that all copies of such materials are to be maintained securely in accordance with the terms of this Agreed Protective Order until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the State of Texas, that the foregoing is true and correct.

Executed this ____ day of _____, 20___.

_____
Signature

_____
Title

_____
Address

_____
City, State, Zip

_____
Telephone Number

_____
Email Address

## EXHIBIT B TO AGREED PROTECTIVE ORDER
### AFFIDAVIT OF _____

STATE OF_____

COUNTY OF_____

      Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, who after first being duly sworn, stated as follows:

      1.    My name is_____ I am over the age of 18 years and am a resident of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

      I have either destroyed or have returned all the Classified Materials in accordance with the terms of the Agreed Protective Order, in the control, custody or possession of _____.


                     _____
                     Signature of Affiant


                     Subscribed and sworn to before me on this _____ day of _____, 20__.


                     _____
                     Notary Public

EXHIBIT 7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTUS HEALTH PLAN** | § | |
| *Movant,* | § | |
| | § | |
| **vs.** | § | |
| | § | **MISC. CASE NO.** |
| | § | |
| **UNITEDHEALTHCARE** | § | |
| **INSURANCE COMPANY,** | § | |
| *Respondent.* | § | |

<u>**DECLARATION TO BE FILED**</u>

EXHIBIT 8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **CHRISTUS SANTA ROSA HEALTH CARE CORPORATION, CHRISTUS SPOHN HEALTH SYSTEM CORPORATION, CHRISTUS GOOD SHEPHERD MEDICAL CENTER, MOTHER FRANCES HOSPITAL REGIONAL HEALTH CARE CENTER, CHRISTUS HEALTH ARK-LA-TEX, CHRISTUS HOPKINS HEALTH ALLIANCE, CHRISTUS HEALTH SOUTHEAST TEXAS, and MOTHER FRANCES HOSPITAL – JACKSONVILLE** | § § § § § § § § § § § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No. 4:24cv384** |
| | § | **Judge Mazzant** |
| **UNITEDHEALTHCARE INSURANCE COMPANY** | § § § | |
| **Defendant.** | § § § § | |

## PLAINTIFFS' SIXTH AMENDED COMPLAINT

Plaintiffs CHRISTUS Santa Rosa Health Care Corporation, CHRISTUS Spohn Health System Corporation, CHRISTUS Good Shepherd Medical Center, Mother Frances Hospital Regional Health Care Center, CHRISTUS Health Ark-La-Tex, CHRISTUS Hopkins Health Alliance, CHRISTUS Health Southeast Texas, and Mother Frances Hospital Jacksonville (collectively, "CHRISTUS") file this Sixth Amended Complaint against UnitedHealthcare Insurance Company ("United") and respectfully show the Court as follows:

## I.
## INTRODUCTION

This lawsuit seeks to recover additional amounts owed to CHRISTUS for out-of-network emergency health care services CHRISTUS provided to patients insured by United. Under the Texas Insurance Code, United is required to pay CHRISTUS the usual and customary rate for the out-of-network emergency services provided. However, despite CHRISTUS's extensive efforts to collect the usual and customary rate for these emergency services—including through the mediation process required by Texas Insurance Code Section 1467.051—United has refused to pay CHRISTUS the usual and customary rate for the services CHRISTUS provided, necessitating the filing of this lawsuit.

## II.
## PARTIES

1.      Plaintiff CHRISTUS Santa Rosa Health Care Corporation is a Texas nonprofit corporation that provides health care services in the State of Texas with its principal place of business located at 333 N. Santa Rosa St. San Antonio, TX 78207.

2.      Plaintiff CHRISTUS Spohn Health System Corporation is a Texas nonprofit corporation that provides health care services in the State of Texas with its principal place of business located at 600 Elizabeth Street, Corpus Christi, Texas 78404.

3.      Plaintiff CHRISTUS Good Shepherd Medical Center is a Texas nonprofit corporation that provides health care services in the State of Texas with its principal place of business located at 700 East Marshall Avenue, Longview, TX 75601.

4.      Plaintiff Mother Frances Hospital Regional Health Care Center is a Texas nonprofit corporation that provides health care services in the State of Texas with its principal place of business located at 800 E. Dawson, Tyler, Texas 75701.

5.      Plaintiff CHRISTUS Health Ark-La-Tex is a Texas nonprofit corporation that provides health care services in the State of Texas with its principal place of business located at 2600 St. Michael Drive, Texarkana, Texas 75503.

6.      Plaintiff CHRISTUS Hopkins Health Alliance is a Texas nonprofit corporation that provides health care services in the State of Texas with its principal place of business located at 115 Airport Road, Sulphur Springs, Texas 75482.

7.      Plaintiff CHRISTUS Health Southeast Texas is a Texas nonprofit corporation that provides health care services in the State of Texas with its principal place of business located at 2830 Calder Street, Beaumont, Texas 77702.

8.      Plaintiff Mother Frances Hospital - Jacksonville is a Texas nonprofit corporation that provides health care services in the State of Texas with its principal place of business located at 2026 S. Jackson, Jacksonville, Texas 75766.

9.      Defendant UnitedHealthcare Insurance Company is a Connecticut corporation with its principal place of business located at 185 Asylum Street, Hartford, Connecticut 06103. UnitedHealthcare Insurance Company is a health insurance company registered with the Texas Department of Insurance ("TDI") and doing business in Texas. UnitedHealthcare Insurance Company has answered and appeared in this case.

### III.
### JURISDICTION AND VENUE

10.      The Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

11.      This Court may exercise personal jurisdiction over United because United purposefully availed itself to the benefits of doing business in Texas, including by registering with

the TDI, obtaining a license to sell insurance in Texas, marketing its insurance plans to individuals in Texas, entering into the contracts at issue in Texas, and profiting from its purposeful contacts with Texas.

12.    Pursuant to 28 U.S.C. § 1391, venue is proper in this district because United resides in this district and a substantial part of the events or omissions giving rise to CHRISTUS's claims occurred in this district.

## IV.
## FACTUAL BACKGROUND

### A.    The Parties

13.    CHRISTUS operates hospitals in Texas with fully staffed and equipped emergency departments that provide 24/7 access to patients for the treatment of emergency medical conditions.

14.    The emergency health care services at issue were provided to patients insured by United.

15.    United has not entered into an "in-network" contract with CHRISTUS. As a result, CHRISTUS is an "out-of-network" provider in relation to the patients who received the emergency health care services at issue and the plans or policies under which the patients are insured. Despite CHRISTUS's out-of-network status, United's insureds regularly seek emergency treatment at CHRISTUS.

### B.    The Regulatory Scheme Applicable to Out-of-Network Emergency Services in Texas

16.    CHRISTUS is required by federal and state law to provide emergency services to any patient regardless of the patient's ability to pay or insurance status. 42 U.S.C. § 1395dd; 25 TEX. ADMIN. CODE § 133.44(c)(1). Therefore, CHRISTUS must provide emergency health care to patients, regardless of CHRISTUS's network status with their insurers.

17.    In 2019, the Texas legislature passed Acts 2019, 86th Leg., R.S. Ch. 1342 (S.B. 1264) ("SB 1264")—a comprehensive regulatory scheme that prevents out-of-network health care providers from balance billing patients while ensuring that out-of-network health care providers are compensated fairly for the statutorily mandated emergency services they provide. SB 1264 enacted new, and amended existing, provisions of the Texas Insurance Code, including Texas Insurance Code Sections 1271.155, 1301.0053, 1301.155, and 1467.050 *et seq*. These newly enacted and amended provisions are applicable to health care services provided on or after January 1, 2020.

18.    As amended, the Texas Insurance Code requires insurers—like United—to make payments to out-of-network providers of emergency health care services—like CHRISTUS—directly and at the "usual and customary rate" or an "agreed rate." Tex. Ins. Code §§ 1271.155 (applicable to HMOs); 1301.0053 (applicable to EPOs), and 1301.155 (applicable to PPOs).

19.    An out-of-network hospital that does not receive the usual and customary rate for emergency services may request mediation. Tex. Ins. Code §§ 1467.051 and 1467.054. At mediation, the parties are required to evaluate: (1) whether the amount charged by the out-of-network provider for the emergency services is excessive; and (2) whether the amount paid by the insurer represents the usual and customary rate for the emergency services or is unreasonably low. Tex. Ins. Code § 1467.056.

20.    In the event the mediation is unsuccessful, the Texas Insurance Code authorizes either party to "file a civil action to determine the amount due to an out-of-network provider." Tex. Ins. Code § 1467.0575. The civil action must be brought not later than forty-five days after the date the mediator issues a report to the TDI indicating that the mediation process has concluded and the parties have not reached an agreement. *Id.*

### C.    The Claims

21.    CHRISTUS faithfully performed its statutory obligation to provide the emergency services at issue to the patients without regard for CHRISTUS's out-of-network status with the benefit plans underwritten by United. After CHRISTUS provided emergency treatment to the patients, CHRISTUS submitted the claims for payment to United. The claims at issue (without patient identifying information) are attached as Exhibit A.[1]

22.    United, however, violated its obligations under the Texas Insurance Code by failing to pay CHRISTUS the usual and customary rate for the emergency health care services provided to the patients. Instead, United has paid CHRISTUS unreasonably low rates.

23.    In addition, or the alternative, United has breached its contractual duties to CHRISTUS by failing to pay CHRISTUS for the out-of-network emergency services provided at the reimbursement rates required by the benefit plans or policies pursuant to which the patients are insured by United. All patients receiving emergency services at CHRISTUS, including those insured by United, agree in writing to assign their rights to benefits under their insurance plans or policies to CHRISTUS. The assignments signed by patients include, by way of example, provisions such as the following:

> I hereby assign payment otherwise payable to me from governmental payers (such as Medicare), insurance carriers, employee health benefit plans and other third-party payers (collectively referred to as "Plans") to Facility and other health care providers who provide services, care or treatment to me at the Facility.

> * * * *

> In consideration of services rendered and to be rendered, the sufficiency of which is hereby acknowledged, hereby irrevocably assign and transfer to [CHRISTUS] (hereinafter referred to as the "Hospital") all right, title, and interest in all claims or benefits payable for hospital services rendered in the past or future, which are provided in any and all insurance policies, employee benefit plans, and/or third-party actions against any other person or entity (hereinafter referred to as

---

[1] All emergency health care services at issue in this case were provided after January 1, 2020.

**Plaintiffs' Sixth Amended Complaint – Page 6**

"Benefits") from whom my dependents or I may be entitled to recover. I further hereby irrevocably assign and transfer to the Hospital all right, title, and interest in any and all causes of action against all insurance companies, employee benefit plans, liability carriers, third party administrators, tortfeasors, and/or all other persons or entities responsible for payment (hereinafter referred to as "Responsible Parties") of Benefits and I hereby appoint the Hospital as my attorney in fact, with power of substitution, to sue or otherwise obtain payment of Benefits from the Responsible Parties. This irrevocable assignment and transfer shall be for the purpose of irrevocably granting the Hospital an independent right of recovery of Benefits against any Responsible Parties, at its option, but shall not be construed to be an obligation of the Hospital to pursue any such right of recovery. I hereby direct and irrevocably authorize all Responsible Parties to pay directly to the Hospital all Benefits and amounts due for services rendered by the Hospital without further request or written authorization from me. I further irrevocably authorize and direct that any Responsible Parties furnish copies of any insurance policies, employee benefit plans or any other document requested by the Hospital without further request or written authorization from me.

Pursuant to the assignment of benefits received from the patients, CHRISTUS stands in the shoes of the patient insureds and has the right to collect from United all benefits due under the patient's plans or policies underwritten by United.

24.      CHRISTUS invoked the statutory mediation process for all of the claims at issue in this case. The parties did not reach agreement at the mediations. The mediators have issued reports to the TDI indicating that the mediation processes have concluded and that the parties did not reach an agreement. This lawsuit is filed within forty-five days of the issuance of the mediators' reports.

## V.
## CAUSES OF ACTION

A.      **Count One – Violations of the Texas Insurance Code**

25.      CHRISTUS realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

26.      United's failure to reimburse CHRISTUS at the usual and customary rates, as required by Texas Insurance Code Sections 1271.155, 1301.0053, and/or 1301.155, has caused

damages to CHRISTUS in the amount of the difference between the amounts United paid, if any, and the amounts United was statutorily obligated to pay to CHRISTUS.

27.    CHRISTUS has requested and completed all mediation procedures required by Texas Insurance Code Section 1467.050 *et seq*. for the claims at issue in this case. The Parties did not reach an agreement at the mediations, and the mediators have submitted a report to the TDI under Texas Insurance Code Section 1467.060.

28.    CHRISTUS, therefore, files this civil action to determine the amount owed to CHRISTUS as authorized under Texas Insurance Code Section 1467.0575.

**B.    Count Two – In the Alternative, Breach of Contract**

29.    CHRISTUS realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

30.    United entered into valid and enforceable insurance contracts with their insureds. In those contracts, United agreed to pay for out-of-network emergency services. The patients at issue in this case were insured by United and United thus agreed to pay for the patients' out-of-network emergency care.

31.    The patients at issue assigned their benefits under the plans or policies under which they are insured by United to CHRISTUS. Therefore, CHRISTUS stands in the shoes of the patients. All of the claims at issue in this lawsuit were assigned to CHRISTUS.

32.    In the event United asserts that any rights asserted by CHRISTUS are barred by any anti-assignment provisions in the plans or policies under which the patients at issue are insured by United, CHRISTUS asserts that any such anti-assignment provisions have been waived. In the course of adjudicating the health care claims at issue, United has issued explanations of payment and payment, if any, directly to CHRISTUS and has never raised any anti-assignment provision as a bar to, or basis for denial of, payment, in whole or in part. Moreover, pursuant to assignment

of benefits from patients, CHRISTUS has submitted health care claims to United for payment for years; and during this multi-year course of dealing, United has never before asserted any anti-assignment provision as a bar to, or basis for denial of, payment, in whole or in part.

33.    United breached its contractual duties owed under the benefit plans or policies by failing to pay for out-of-network emergency services in accordance with the terms of the benefit plans or policies.

34.    As a result of United's breach of the terms of the benefit plans or policies, CHRISTUS, as assignee, has suffered damages and lost benefits amounting to the difference between the amount United actually paid, if any, and the amount United was required to pay under the benefits plans or policies.

## VI.
## ATTORNEYS' FEES

35.    CHRISTUS realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

36.    As a result of United's breach and failure to pay the amounts due to CHRISTUS, CHRISTUS has incurred and will continue to incur attorneys' fees. Accordingly, CHRISTUS respectfully requests that the Court award CHRISTUS its reasonable and necessary attorneys' fees incurred in prosecuting this action against United pursuant to Texas Civil Practice and Remedies Code Section 38.001.

## VII.
## CONDITIONS PRECEDENT AND RESERVATION OF RIGHTS

37.    CHRISTUS asserts that all conditions precedent have been performed, occurred, excused, waived, or otherwise satisfied. CHRISTUS reserves all of its rights and remedies, both at law and in equity, with respect to the transactions and disputes at issue.

**VIII.**
**JURY DEMAND**

38.    CHRISTUS requests a jury trial in this case.

**IX.**
**PRAYER**

39.    CHRISTUS respectfully requests that on final hearing the Court enter judgment in

CHRISTUS's favor and against United for:

  a.  Money damages in an amount to be proven at trial;

  b.  Pre-judgment and post-judgment interest as allowed by applicable law;

  c.  CHRISTUS's reasonable attorneys' fees and costs incurred; and

  d.  All other and further relief, both at law and in equity, to which CHRISTUS
    shows itself justly entitled.

Dated: November 8, 2024     NORTON ROSE FULBRIGHT US LLP

            /s/ *Shea Haass*
             Shea Haass
             State Bar No.  24055609
             shea.haass@nortonrosefulbright.com
            2200 Ross Avenue, Suite 3600
            Dallas, TX  75201-7932
            Telephone: (214) 855-8000
            Facsimile: (214) 855-8200

            *Attorneys for Plaintiffs CHRISTUS Santa*
            *Rosa Health Care Corporation, CHRISTUS*
            *Spohn Health System Corporation,*
            *CHRISTUS Good Shepherd Medical Center,*
            *Mother Frances Hospital Regional Health*
            *Care Center, CHRISTUS Health Ark-La-Tex,*
            *CHRISTUS Hopkins Health Alliance,*
            *CHRISTUS Health Southeast Texas, and*
            *Mother Frances Hospital – Jacksonville*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 8, 2024, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to all counsel of record, which are ECF registrants.

*/s/ Shea Haass* _____
Shea Haass

**Plaintiffs' Sixth Amended Complaint – Page 11**